United States District Court
Southern District of New York

Juan Velez, individually and on behalf of all others similarly situated,

                Plaintiff,

- against -

Lasko Products, LLC,

                Defendant

1:22-cv-08581-JLR

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING <u>ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3).

1. All parties <u>do not consent</u> to conducting all further proceedings before a United States Magistrate Judge, including motins and trial. 28 U.S.C. § 636(c).

2. Settlement discussions <u>have not</u> taken place. Counsel for the parties have not discussed an informal exchange of information in aid of early settlement in this case.

3. The parties <u>have</u> conferred about the basis of subject-matter jurisdiction and agree that subject-matter jurisdiction exists.

4. The parties <u>have</u> conferred pursuant to Federal Rule of Civil Procedure 26(f).

5. Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be completed no later than <u>1/5/2024</u>.

6. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to

amend or join additional parties shall be filed no later than 1/5/2024.

7. Fact Discovery

   a. Initial requests for production of documents shall be served no later than 1/26/2024.

   b. Interrogatories shall be served no later than 1/26/2024.

   c. Requests to Admit shall be served no later than 1/26/2024.

   d. Depositions shall be completed by 4/12/2024.

   e. All fact discovery shall be completed no later than 5/3/2024.

   f. Any of the deadlines in paragraphs 7(a)-(d) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(e).

8. Plaintiff and Defendant disagree regarding the schedule for expert discovery and each have included their own proposal for the Court to approve one of the proposals.

   ~~Plaintiff's Proposed Expert Discovery Schedule:~~

   a. ~~Plaintiff's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than): 7/24/2024.~~

   b. ~~Defendant's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than: 8/28/2024.~~

   c. ~~All expert discovery, including expert reports and depositions, shall be completed no later than 9/11/2024.~~

   d. ~~The interim deadlines in paragraphs 8(a)-(b) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(c).~~

   ~~Defendant's Proposed~~ Expert Discovery Schedule:

   e. Plaintiff's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than): 5/10/2024.

   f. Defendant's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than: 5/31/2024.

   g. All expert discovery, including expert reports and depositions, shall be completed

    no later than 6/28/2024.

  h. The interim deadlines in paragraphs 8(e)-(f) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(g).

9. Class Certification Briefing Schedule:

  a. Plaintiff's Motion for Class Certification shall be due by 7/24/2024.

  b. Defendant's Opposition to Plaintiff's Motion shall be due by 8/28/2024.

  c. Plaintiff's Reply shall be due by 9/11/2024.

10. All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Courts for the Southern District of New York. Any extensions of the dates therein must be approved by the Court.

11. Any discovery disputes shall be addressed according to Section 2(E) of the Court's Individual Rules and Practices in Civil Cases.

12. All discovery must be completed by the end of expert discovery.

13. No later than one week after the close of fact discovery, counsel for all parties must meet for at least one hour to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the one-hour settlement discussion occurred and stating whether all parties consent to mediation or a settlement conference to be held before the designated Magistrate Judge. The letter should not identify, explicitly or implicitly, any party that has declined to so consent. The use of any alternative dispute resolution mechanism does not stay or modify any date of this Order.

14. The Court will conduct a post-discovery pre-trial conference on July 30, 2024 at 10:00 a.m. No later than one week in advance of the conference, the parties are to submit a joint two-page letter updating the Court on the status of the case, including proposed deadlines for pretrial submissions and trial dates. This conference will either serve as a pre-motion conference or will be used to set a trial date and dates for pretrial submissions. If a party wishes to move for summary judgment or to exclude expert testimony, it must, no later than three weeks before the conference, file a letter as set forth in Section 3(I) of the Court's Individual Rules and Practices in Civil Cases, and any response letter shall be filed no later than two weeks before the conference.

15. Unless otherwise ordered by the Court, the parties shall submit a Joint Pretrial Order prepared in accordance with Federal Rule of Civil Procedure 26(a)(3) and other pretrial submissions pursuant to the Court's Individual Rules and Practices in Civil Cases within 30 days of any decision on a summary judgment motion or any decision on the class certification motion, whichever is decided later.

16. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

17. The case is to be tried to a jury.

18. Counsel for the parties have conferred and their best estimate of the length of trial is 5-7 days.

19. The Other issues to be addressed at the Initial Case Management Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below:
    The parties request that following a decision on the class certification motion, the Court hold a case management conference to discuss if any of the deadlines in this case management order or estimates for trial should be revised in light of the outcome of that motion.

20. Counsel for the Parties:

    Spencer Sheehan for Plaintiff

    Courtney J. Peterson and Darci Madden of Bryan Cave Leighton Paisner LLP for Defendant Lasko Products, LLC

21. The next case management conference is scheduled for ___July 30, 2024___ at

4

__10:00 a.m.__. [*To be completed by the Court.*]

This Order may not be modified or the dates herein extended, except by further Order of the Court for good cause shown (except as provided in paragraphs 7(f) and 8(d)). Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no less than two business days prior to the expiration of the date sought to be extended.

Dated:  December 27, 2023
New York, New York

SO ORDERED

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge